Preston W. SMALL,
Appellant/Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION and The United States of America, Appellees/Respondents.

Wnnx Lico, Inc., Intervenor.

Nos. 04–1056, 04–1057.

United States Court of Appeals, District of Columbia Circuit.

May 19, 2005.

Rehearing En Banc Denied July 26, 2005.

Timothy Edward Welch, Hill & Welch, Washington, DC, for Appellant/Petitioner.

John A. Rogovin, Jacob M. Lewis, Daniel McMullen Armstrong, Associate General Counsel, C. Grey Pash, Jr., Counsel, Austin C. Schlick, Federal Communications Commission, Robert Hewitt Pate, III, Catherine G. O'Sullivan, Chief Counsel, James Joseph Fredricks, U.S. Department of Justice, Antitrust Division, Appellate Sec., Washington, DC, for Appellees/Respondents.

Mark N. Lipp, Vinson & Elkins LLP, Washington, DC, for Intervenor.

Before EDWARDS, HENDERSON and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM

These causes were heard on the record from the Federal Communications Com-

mission and on the briefs and arguments by counsel. For the reasons set forth below, it is

ORDERED that the notice of appeal in No. 04–1056 and the petition for review in No. 04–1057 are denied.

Preston W. Small seeks review of several orders by the Federal Communications Commission (FCC or Commission) related to its decision to permit WNNX Lico, Inc. (WNNX) to substitute its Anniston, Alabama FM license for a radio channel based in College Park, Georgia and to deny Small's similar proposals to substitute his Milledgeville, Georgia FM channel license for one located in Covington, Georgia.* College Park and Covington are both suburbs of Atlanta, Georgia.

Small's and WNNX's proposals were mutually exclusive because of the proximity of College Park and Covington. *See* 47 C.F.R. § 73.207(b) (requiring minimum distance of 99 kilometers between adjacent Class C3 channels). In evaluating competing, mutually exclusive petitions, the FCC follows the allotment priorities established in *Revision of FM Assignment Policies and Procedures*, 90 F.C.C.2d 88 (1982) (*FM Priorities*). Under *FM Priorities*, the FCC accords first priority to a proposal that provides a community with "first full-time aural service." *Id.* at 91. Unable to grant both petitions, the FCC evaluated the proposals and deemed WNNX's superior to Small's because it served a larger community than Small's and provided first local service to College Park. *See Amendment of Section 73.202(b), Table of Allotments, FM Broadcast Stations (Anniston and Ashland, Alabama and College Park, Covington, Milledgeville and Social Circle, Georgia)*, 15 F.C.C.R. 9971, 9973 ¶ 12 (2000).

We uphold a final order of the FCC unless its decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This is a "deferential" standard of review. *Consumer Elecs. Ass'n v. FCC*, 347 F.3d 291, 300 (D.C.Cir.2003). Small contends that the FCC acted in an arbitrary and capricious manner when it ruled that WNNX's proposal provided first local service to College Park. Small's claim fails. A suburban community's independence from a nearby Urbanized Area for the purpose of the first local service priority is evaluated based on eight factors outlined by the FCC in *Fave and Richard Tuck*, 3 F.C.C.R. 5374 (1988) (*Tuck*). The record more than adequately supports the Commission's decision. The FCC considered evidence regarding each *Tuck* factor and acted within its discretion in finding that College Park was sufficiently independent of Atlanta to merit first local service priority.

Small's remaining arguments are without merit. In view of our holding in No. 04–1056, we need not decide Small's outstanding motion regarding the filing of documents.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

* In response to WNNX's College Park proposal, Small amended his petition by requesting a station in Covington, Georgia.